**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-50677 |
| Plaintiff - Appellee, | D.C. No. CR-04-00415-PA-04 |
| v. | |
| FERNANDO CAZARES, a/k/a "SNEAKY", | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-50678 |
| Plaintiff - Appellee, | D.C. No. CR-04-00415-PA-2 |
| v. | |
| GILBERT SALDANA, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-50679 |
| Plaintiff - Appellee, | D.C. No. CR-04-00415-PA-01 |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

ALEJANDRO MARTINEZ,

        Defendant - Appellant.

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

PORFIRIO AVILA, a/k/a Dreamer,

        Defendant - Appellant.

No. 07-50037

D.C. No. CR-04-00415-PA-05

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted October 11, 2012
Pasadena, California

Before: PREGERSON and W. FLETCHER, Circuit Judges, and PIERSOL, Senior District Judge.[**]

A jury convicted defendants Alejandro Martinez, Gilbert Saldaña, Porfirio

Avila, and Fernando Cazares of violating 18 U.S.C. § 241 by conspiring to "injure,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for the District of South Dakota, sitting by designation.

oppress, threaten, or intimidate" African Americans in the Highland Park neighborhood of Los Angeles. The jury also convicted Saldaña, Avila, and Cazares of killing Kenneth Wilson in violation of 18 U.S.C. § 245(b).

The evidence at trial included statements that Saldaña gave to the police. Neither party disputes that Saldaña was not told his Miranda rights before, during, or after his interview on May 6, 1999. The disputed issue is whether he was in custody when he made his statements.

The district court denied Saldaña's motion to suppress his statements, but it made no factual findings regarding whether Saldaña was in custody. "When factual issues are involved in deciding a motion, the court must state its essential findings on the record." Fed. R. Crim. P. 12(d). We reverse the denial of Saldaña's motion to suppress and "remand with instructions to the district court to make essential factual findings explaining the basis for its decision." *United States v. Wright*, 625 F.3d 583, 604 (9th Cir. 2010).

The denial of Saldaña's motion to suppress is **REVERSED** and **REMANDED** to the district court for fact finding on whether Saldaña was in custody when he made his statements to the police. We defer submission of the rest of the appeal pending the district court's fact finding.